*304
 
 Ruffin, C. J.
 

 The Court is of opinion, that the decree
 

 was right and ought to be affirmed. A distributive share, accruing to a wife during the coverture, does not vest in the husband, but will survive to the wife, unless reduced into possession by the husband.
 
 Revel
 
 v.
 
 Revel,
 
 2 Dev.
 
 &
 
 Bat. 272.
 
 Poindexter
 
 v.
 
 Blackburn,
 
 1 Ired Eq. 286. When the administrator is some other person than the husband, it is generally not difficult to determine, whether the husband h.as or has not possessed himself of the share, or the things of which it consists,.so as to change the property, by extinguishing the wife’s right and vesting it. in the husband ; for usually the share consists of money which the husband receives and for which he gives a receipt, or it-consists of stock or spccfic things, which are divided and a share thereout allotted to the wife or the husband for her, and transferred or delivered to him. But we suppose it. is not necessary, there should be an actual division between the next of kin, to enable the husband of one of them to take, and exclude the wife’s right by survivorship. All that is requisite is, that the share should be
 
 got oat
 
 of
 
 the hands of the
 
 administrator, as such, and should be held, either in severalty, or in common with others, as the husband’s own. For, if, instead .of a division of the pioperty by the administrator and a delivery by him of the shares to the next of kin severalty, it be agreed by the next of kin, that they will take the property from the administrator undivided,and the administrator accordingly give it up to all them together, then clearly the next of kin hold the things absolutely as their own property, and the husband of the next of kin is then to be regarded as in possession of his wife’s share for himself and as his own property. For, it must be noted, that no act of the wife is necessary to vest her property in her husband, nor can she in any manner prevent it. The act is the husband’s own j and, though he must reduce the chose into possession,
 
 *305
 
 yet any act' of dominion over it is sufficient, which shows that the husband undertakes to use or dispose of it, as his own presently, whether the possession be several as to one share, or jointly Avith some or all of the next of kin. When the title of the administrator becomes extinct, that of the next of kin is made absolute. But it is not, ordinarily, so easy to determine this question, when the same person is the administrator and the husband of one of the next of kin. Where the wife is the sole next of kin, and the debts of the intestate are paid or assumed by the husband, and there is no reason, why the husband should hold any longer as administrator, the presumption is very strong, that he held as husband, and, consequently, for himself. But, when there is another person besides the wife entitled to share in the estate, it would seem to require some unequivocal act on the part of the husband, who is the administrator, to terminate the title in himself as administrator and in his wife as one of the next of kin, and vest it in himself as husband. Yet, clearly, there must be some way in which it may be done; and we think it is not difficult to settle the principle, which will determine, whether the husband has done an act, which was meant by him, and in its nature is sufficient, to denote that he holds as husband, and thereby to terminate the title of administrator and merge his wife’s right in his own. It is this, that he shall appear by some act to be exercising a dominion over the property, not according to his duty as administrator, or in the discharge of functions of a representative character, but for his own benefit and as personally the owner. For, unless that be sufficient, we do not perceive how the "right can ever be vested in the husband except by a suit to which the wife is a party. Therefore, whenever the husband or the other next of kin divide the property, or they take it undivided and apply it to uses having no reference to the office of administrator and contrary to its
 
 *306
 
 duties, but for the benefit of persons who are next of kin or in their right, it seems manifest that the possession is that of all the persons, who are next of kin, and not of that one who is administrator and in his representative capacity. If it be not so, what else could the husband do, which would more completely vest the possession in him as husband
 
 X
 
 Now, the husband here and Mrs. Dail contracted respecting this property as owners, saying that they are “the only distributees,” and as such entitled to dispose of the property for their own benefit; and therefore they agreed that the slaves, instead of being sold or hired in course of administration, should work on the land belonging to those parties respectively, and that the profits should be divided in certain proportions between theml The administrator, did not merely finish the crops planted by his intestate, but the parties in their own right planted other crops and employed the slaves and stock in their culture. It is true, the article says, that it should be for the benefit of the estate
 
 •,
 
 but thb meaning of that, it is obvious, was not tp provide a fund for the purposes of the estate, as the payment of debts— since there were none, not already provided for, but if was to prevent either of the parties from claiming a greater share of the produce than in proportion to his or her share of the estate under the statute of distributions. For, immediately after saying, that it should be for the benefit of the estate, the article adds, “ and the proceeds of the crops shall be divided between the said Mardree and myself, according to our rights
 
 as distributees.”
 
 It seems to us, therefore, that this was as unquivocal an election by the next of kin and the husband to hold in their personal rights as they could, under the circumstances, have evinced.
 

 Pm Curiam. Decree affirmed with costs.